MANDEVILLE vs. JARRETT, Garn. of GRIFFITH.

1825.
JUNE.

Mandeville
vs
Jarrett

An affidavit for an attachment under the act of 1795, ch. 56, must state that the plaintiff is a *citizen of this state*, or of some *other of the United States*, and on the plea of *non assumpsit*, the fact of such citizenship must be *proved*.

APPEAL from *Harford* county court. The affidavit on which the *attachment* in this case was issued under the act of 1795, *ch.* 56, stated, that the plaintiff, (now appellant,) a citizen of this state, made oath, &c. that *Camillus Griffith*, not a citizen of this state, and not residing therein, was *bona fide* indebted to him, &c. The attachment being laid in the hands of *Jarrett*, (the appellee,) as garnishee, he appeared and pleaded *non assumpsit* by *Griffith*, and *Nulla Bona*. At the trial, the plaintiff read in evidence the papers filed in the cause, and proved that *Camillus Griffith* had acknowledged that he owed to the plaintiff the amount stated in the attachment. He also read in evidence the docket entries of a judgment rendered in *Harford* county court in March 1812, in favour of *Camillus Griffith* against *Jarrett*, (the appellee,) for $860, with interest from the 3d of *February* 1810, and costs, and that an *injunction* from the court of chancery had been filed therein on the 24th of *February* 1814. He also read in evidence the interrogatories exhibited by the plaintiff to the garnishee, and the garnishee's answers thereto, stating that he owed no money to *Griffith*, and had no property of his in his hands; that *Griffith* claimed a balance due from him for land sold him in *Kentucky*, in which sale *Griffith* practised a fraud on him by selling him land to which he had no title; and that for the purpose of obtaining justice of *Griffith*, he had filed a bill in the court of chancery for redress, which suit was then depending. To that bill he referred for his reasons for not owing *Griffith* any money. The plaintiff also read in evidence a letter from *Jarrett* to *Griffith*, dated the 2d of *February* 1819, stating that he had obtained an injunction, &c. That he was entitled to a deduction from the judgment of $630, which would leave a balance due *Griffith* of only $284 44, interest included. He proposed, by way of compromise, to deliver to *Griffith's* agent in *Baltimore*, by the 15th of June, following, 150 barrels of No. 1 Herrings, equal in value to $600; the suits to be struck off, and each party to pay their own costs in chancery, &c. The defendant then moved the court to direct the jury, that the plaintiff was not entitled to recover. Which direction the court, [*Dorsey*, Ch. J. and *Hanson*, A. J.] gave. The

plaintiff excepted; and the verdict and judgment being against him; he appealed to this court.

The case was argued before BUCHANAN, Ch: J. MARTIN, STEPHEN, and ARCHER, J.

*Speed,* for the Appellant, contended; 1. That an attachment might be laid to attach a debt in litigation. He referred to *Serg. Law of Attach.* 69, 70; 72. 5 *Jacob's L. D.* 490; and *Bull: N. P.* 53.

2. That judgment of condemnation should at least have been rendered for the amount confessed in the appellee's letter to be due to *Griffith,* (viz. $284 44,) and not contested in the injunction bill.

*Magruder* and *R. Johnson,* for the Appellee, stated, that although it was set out in the plaintiff's affidavit that he was a citizen of this state at the time of issuing the attachment, that fact should have been proved at the trial under the plea of *non assumpsit.* They cited *Shivers vs. Wilson,* 5 *Harr.* and *Johns.* 130.

BUCHANAN, Ch. J. The court affirm the judgment on the authority of *Shivers vs. Wilson,* there being no proof in the record that the plaintiff was a citizen of this state, or of any of the *United States.* JUDGMENT AFFIRMED.